UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH CASTRO,<br>AQUANZA JONES,<br>KASLYN BELGRAVE,<br>FRANCIS COOPER,<br>RAWLE CUMMINGS,<br>SCOTT DIBONA,<br>DAVID GOTAY, and<br>JESSICA GRANDY,<br>on behalf of themselves and other employees<br>similarly situated,<br><br>        Plaintiffs,<br><br>   – against –<br><br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendant. | 18 CV 1286<br><br><br><br>COMPLAINT |

Plaintiffs, by their attorneys, Cary Kane LLP, complaining of defendant, allege:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, prejudgment interest, liquidated damages, their reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the New York Labor Law, §§ 190 *et seq.*, §§ 650 *et*

*seq*. ("NYLL").  Plaintiffs seek, for themselves and all similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, prejudgment interest, their reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to NYLL §§ 198, 663.

3.      In particular, this action seeks damages for unpaid compensable work time that plaintiffs regularly spend traveling between two or more work locations as part of their regular assignment of work duties in their job title of "combo helpers," as explained below.  In other words, this action seeks unpaid "travel time."

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court over plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Jurisdiction of this Court over plaintiffs' NYLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYLL claims are so related to plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendants maintain places of business in, do business in, and have designated addresses located in this District for service of process and, accordingly, reside in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7.      Plaintiff Elizabeth Castro resides in the county of Kings in the State of

New York.

8.      Plaintiff Aquanza Jones resides in the county of New York in the State of New York.

9.      Plaintiff Kaslyn Belgrave resides in the county of Kings in the State of New York.

10.     Plaintiff Francis Cooper resides in the county of Kings in the State of New York.

11.     Plaintiff Rawle Cummings resides in the county of Queens in the State of New York.

12.     Plaintiff Scott DiBona resides in the county of Nassau in the State of New York.

13.     Plaintiff David Gotay resides in the county of Suffolk in the State of New York.

14.     Plaintiff Jessica Grandy resides in the county of Kings in the State of New York.

15.     Defendant United Parcel Service, Inc. ("UPS" or "defendant") is an Ohio corporation doing business in New York.

16.     UPS is an "employer," within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 190, 651.

17.     UPS employs employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.  This includes the envelopes, parcels, packages, freight that UPS transports across multiple states and countries and which travel across state lines.

**LIMITATIONS**

18.     UPS and plaintiffs, on behalf of themselves and all potential plaintiffs in this collective action, entered into a valid agreement tolling any and all statutes of limitations applicable under the FLSA and/or NYLL during the period November 1, 2016 through February 5, 2018.

19.     For purposes of determining the timeliness of any and all of plaintiffs' claims in this action, the period between November 1, 2016 and February 5, 2018 must be discounted.

**FACTUAL ALLEGATIONS**

20.     At all relevant times, UPS has owned, operated, and/or controlled an international package delivery company.

21.     Upon information and belief, at all relevant times, the annual gross volume of sales made or business done by UPS's operations was in excess of $500,000.

22.     UPS maintains or has maintained facilities known as and located at, *inter alia*, 43rd Street in Manhattan; Manhattan South at Spring Street in Manhattan; World Trade Center in Manhattan; Manhattan North in the Bronx; Brush Avenue in the Bronx; Pelham Bay in the Bronx; Foster Avenue, Brooklyn; Maspeth, Queens; Queens North in Long Island City, Queens; Flushing, Queens; Laurelton, Queens; Elmsford, Westchester County; Mt. Vernon, Westchester County; Yorktown, Westchester County; Farmingdale, Nassau County; Melville, Suffolk County, all of which are located within the five boroughs of New York City or in the greater New York City area, where envelopes, parcels, packages, and freight are prepared and sorted for local delivery.

23.     Those envelopes, parcels, packages, and freight are ultimately delivered to

4826-8584-2259, v. 2

their intended destinations locally by UPS employees employed as drivers and driver's helpers.

24.     Since in or about 2014, UPS has employed workers in the full-time position of combination ("combo") helper.

25.     The combo helper position consists of any combination of (i) part-time preload, part-time hub or part-time local sort work and (ii) part-time driver's helper.  This means that a combo helper spends part of his or her shift preparing or sorting packages to be delivered locally, and the other part of his or her shift delivering packages with a driver.

26.     The plaintiffs are employed as combo helpers.

27.     Elizabeth Castro has worked as a combo helper since on or about September 2, 2014.  Castro works out of the Maspeth facility located in Queens.  Castro typically works a pre-load shift inside the facility in the early morning.  After her pre-load shift is finished, she typically travels on a UPS truck with a driver to a delivery route. She has been assigned to various delivery routes, but principally to a succession of routes located in downtown Brooklyn, Williamsburg, Red Hook, and Dumbo, respectively, all in Brooklyn.  Her travel time has varied considerably with these routes, but it is usually 50 minutes or more.  Castro typically finishes her work day at the site of the delivery route.

28.     Aquanza Jones has worked as a combo helper since on or about August 22, 2014.  Jones works out of the 43rd Street facility located in Manhattan.  Jones typically works a pre-load shift inside the facility in the early morning.  After his pre-load shift is finished, he typically travels on a UPS truck with a driver to a delivery route located on the upper west side of Manhattan.  His travel time from the facility to the

delivery route can vary from 20 to 45 minutes, but it usually takes about 40 minutes. Jones typically finishes his work day at the site of the delivery route.

29.     Kaslyn Belgrave has worked as a combo helper since on or about September 9, 2014.  Belgrave works out of the Foster Avenue facility located in Brooklyn.  Belgrave typically begins her work day in the late morning, meeting the driver at a delivery route located in the Ocean Hill area of Brooklyn.  After her delivery route shift is finished, she typically travels to the Foster Avenue facility driving her personal automobile or by public transportation.  Her travel time from the delivery route to the facility averages about 25 minutes.  Belgrave typically finishes her work day inside the facility.

30.     Francis Cooper has worked as a combo helper since on or about September 4, 2014.  Cooper works out of the Foster Avenue facility located in Brooklyn. Cooper typically begins his work day in the late morning, meeting the driver at a delivery route located in Canarsie, Brooklyn, or occasionally in the East Flatbush or another area of Brooklyn.  After his delivery route shift is finished, he typically travels to the Foster Avenue facility driving his personal automobile.  His travel time from the delivery route to the facility averages about 15 minutes.  Cooper typically finishes his work day inside the facility.

31.     Rawle Cummings has worked as a combo helper since on or about September 3, 2014.  Cummings works out of the Maspeth facility located in Queens. Cummings typically works a pre-load shift inside the facility in the early morning.  After his pre-load shift is finished, he typically travels, driving his personal automobile, to meet a driver at a delivery route located in the Flushing area of Queens.  His travel time from

the facility to the delivery route averages about 25 minutes.  Cummings typically finishes his work day at the site of the delivery route.

32.     Scott DiBona worked as a combo helper from on or about September 21, 2015 through on or about March 18, 2016.  DiBona worked out of the Nassau County facility.  DiBona typically worked a pre-load shift inside the facility in the early morning. After his pre-load shift finished, he typically traveled, driving his personal automobile, to meet a driver at a delivery route at a spot in the vicinity of 300 Crossways Park Drive in Woodbury.  His travel time from the facility to the delivery route averaged about 30 minutes.  DiBona typically finished his work day at the site of the delivery route.

33.     David Gotay has worked as a combo helper since on or about August 11, 2014.  Gotay works out of the Queens North facility located in Long Island City, Queens. Gotay typically begins his work day in the late morning, meeting the driver at a delivery route located in Astoria.  After his delivery route shift is finished, he typically travels to the Queens North facility, driving his personal automobile.  His travel time from the delivery route to the facility averages about 35 minutes.  Gotay typically finishes his work day inside the facility.

34.     Jessica Grandy has worked as a combo helper since on or about September 29, 2014.  Grandy works out of the Queens North facility located in Long Island City, Queens.  In her first approximately two years as a combo helper, Grandy typically worked a pre-load shift inside the facility in the early morning.  After her pre-load shift finished, she typically traveled on a UPS truck with a driver to a delivery route located in Astoria, Queens.  Her travel time from the facility to the delivery route averaged about 20 minutes.  In her first approximately two years, Grandy typically finished her work day at

the site of the delivery route.  After approximately two years in the combo helper

position, Grandy began a new shift schedule.  She now typically begins her work day in

the afternoon, meeting the driver at a delivery route located in the Ravenswood area of

Queen.  After her delivery route shift is finished, she typically travels to the Queens

North facility by public transportation.  Her travel time from the delivery route to the

facility now averages about 30 minutes.  Grandy now typically finishes her work day

inside the facility.

35.     At all times herein pertinent, and in the course of their duties as combo

helpers, the plaintiffs have regularly handled products that had been moved in commerce.

36.     Plaintiffs' primary duties did not and do not include the exercise of

discretion and independent judgment with respect to any matters of significance.

37.     Plaintiffs are non-exempt employees within the meaning of the FLSA and

NYLL.

38.     As full-time combo helpers, the plaintiffs almost always work 40 or more

hours in a week.

39.     The plaintiffs generally work a portion of their shift performing part-time

preload, part-time hub or part-time local sort work in one of UPS's sorting/loading

facilities.

40.     The plaintiffs generally work another portion of their shift as driver's

helper, making deliveries in the field together with a driver.

41.     The plaintiffs also spend some portion of their shift traveling to or from

the sorting/loading facility to begin making deliveries during the driver's helper portion

of his or her shift, or traveling to return to the sorting/loading facility after the deliveries

have been completed in the driver's helper portion of his or her shift.  The time spent

traveling between the sorting/loading facility and the location of the driver's helper route

is "travel time."

42.     Plaintiffs generally spend anywhere from 10 to 90 minutes in travel time

between the sorting/loading facilities and their driver's helper route locations each day.

43.     The plaintiffs were paid for their part-time preload, part-time hub or part-

time local sort work, and they were paid for their driver-helper work.

44.     However, from the beginning of their work as full-time combo helpers, the

plaintiffs were not paid for their travel time between the sorting/loading facilities and

their driver's helper route locations.

45.     Travel time is compensable time worked under federal and state law.  *See,

for example*, 29 CFR § 785.38; 12 N.Y.C.R.R. § 142.2-1(b).

46.     Upon information and belief, UPS adopted a policy to begin paying the

combo helpers for their travel time in or around July 2016.  However, UPS did not

implement systems for recording and paying travel time to the combo helpers in a

consistent manner, or starting on a consistent date.  UPS has directed the combo helpers

to record and report their travel time in various ways, including phoning their travel time

into supervisors, and entering their time on a variety of electronic tracking or recording

devices.  In addition, the combo helpers' supervisors are permitted to alter the travel time

reported by combo helpers based upon the supervisors' own speculations and

determinations, which often differ from supervisor to supervisor and from day to day, and

may include more or less than the actual travel time; the supervisors are permitted to

designate such time as travel time or as other work or non-work time for payroll

9

processing.  Thus, upon information and belief, UPS's proof of the combo helpers'

unpaid travel time is often anecdotal and speculative, and in any case is inconsistent and

unreliable.

47.     By failing to compensate plaintiffs for their travel time, the defendant has

failed to appropriately pay the plaintiffs for all hours worked.

48.     By failing to compensate plaintiffs for their travel time, the defendant has

failed to appropriately pay the plaintiffs one-and-one-half times their regular hourly rate

when they worked more than 40 hours in a week.

## COLLECTIVE ACTION ALLEGATIONS

49.     Upon information and belief, defendant has, since 2013, employed over

120 different workers in the non-exempt position of combo helper.  These employees had

the same job duties as the named plaintiffs in this action.

50.     Upon information and belief, by failing to compensate the combo helpers

for their travel time, the defendant has failed to pay its combo helpers appropriate

overtime pay when they worked over 40 hours in a week, and, where the combo helpers

worked fewer than 40 hours in a week, has failed to appropriately compensate its combo

helpers for all hours worked.

51.     The unlawful employment practices at issue with respect to combo helpers

employed by the defendant are identical to the unlawful employment practices with

respect to plaintiffs.  In all cases, UPS has failed to pay their combo helpers appropriate

overtime pay when they worked over 40 hours in a week; where the combo helpers

worked fewer than 40 hours in a week, has failed to appropriately compensate their

combo helpers for all hours worked; and have known of and/or showed reckless disregard

for whether these and other practices violate the FLSA.

52.     Other combo helpers employed by defendant should have the opportunity to have their claims for violations of the FLSA and NYLL heard.  Certifying this action as a collective action under FLSA will provide other combo helpers the opportunity to receive notice of the action and allow them to opt in to such an action if they so choose.

53.     Pursuant to 29 U.S.C. §§ 216(b) and 256, consent forms executed by each plaintiff are annexed hereto.

**CLASS ALLEGATIONS**

54.     Plaintiffs repeat and re-allege the allegations made hereinbefore.

55.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), the named plaintiffs bring this action individually and on behalf of the following class of persons ("the Class"):

> All persons who have been employed as full-time combo
> helpers by defendant during the period January 1, 2014 to
> the present.

56.     The individuals in the class identified above are so numerous that joinder of all members of the class is impracticable.  Upon information and belief, for the past six years, over 120 individuals have worked as full-time combo helpers for the defendant.

57.     Questions of law and fact common to the Class include, but are not limited to, the following:

> a.     Whether plaintiffs and all similarly situated individuals have failed
>        to receive appropriate pay for all hours worked.
>
> b.     Whether plaintiffs and all similarly situated individuals have failed
>        to receive pay at the overtime rate of one and one half times their

regular hourly pay rate for each hour worked in excess of forty hours per week.

c.   Whether defendant has maintained accurate records of combo helpers' travel time.

d.   What proof of travel time is sufficient where the defendant failed in its duty to maintain accurate and reliable time records.

e.   Whether defendant's actions and omissions at issue constitute willful violations of the law; and

f.   Whether members of the Class have sustained damages and, if so, the proper measure of damages.

58.   The claims of the named plaintiffs are typical of the claims of the Class in that all of the named plaintiffs have incurred damage due to the policies and practices set forth in the factual allegations above.

59.   The named plaintiffs will fairly and adequately protect the interests of the Class.  The interests of the named plaintiffs are aligned with those of the Class, and named plaintiffs have no conflicts of interest with the members of the Class.  In addition, the named plaintiffs are represented by qualified and experienced counsel.

60.   By engaging in the policies and practices set forth in the factual allegations above, defendant has acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate for the Court to award final injunctive, declaratory, and monetary relief with respect to the Class as a whole.

61.   Questions of law or fact common to members of the Class, including but not limited to the common questions of law or fact enumerated above, predominate over

any questions affecting only the named plaintiffs, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62.     For these reasons, the Class should be certified under FRCP 23(b)(2) or, in the alternative, under FRCP 23(b)(3).

### AS AND FOR A FIRST CLAIM
### AS TO ALL PLAINTIFFS
### (Failure to Pay Overtime Wage – FLSA)

63.     Plaintiffs repeat and re-allege the allegations made hereinbefore.

64.     At all relevant times, by failing to compensate the plaintiffs for their travel time, the defendant has failed to pay plaintiffs at the statutorily required overtime rate of time and one half for the travel time worked by plaintiffs when they worked 40 or more hours in a week.

65.     Upon information and belief, at all relevant times, defendant did not pay other full-time combo helpers the statutorily required overtime rate of time and one half for travel time worked when they worked 40 or more hours in a week.

66.     Defendant, by the above acts, has violated 29 U.S.C. § 207.

67.     Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

68.     Plaintiffs and similarly situated employees have incurred, are now incurring, and will continue to incur monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

69.     No previous application for relief has been made for the relief requested herein.

4826-8584-2259, v. 2

## AS AND FOR A SECOND CLAIM
## AS TO ALL PLAINTIFFS
### (Failure to Pay Overtime Wage – NYLL)

70.     Plaintiffs repeat and re-allege the allegations made hereinbefore.

71.     At all relevant times, defendant has not paid plaintiffs at the statutorily required overtime rate of time and one half for travel time worked by plaintiffs when they worked 40 or more hours in a week.

72.     Upon information and belief, at all relevant times, defendant did not pay other combo helpers the statutorily required overtime rate of time and one half for travel time worked by the combo helpers when they worked 40 or more hours in a week.

73.     Defendant, by the above acts, has violated NYLL § 652 and 12 NYCRR § 142-2.2.

74.     Upon information and belief, defendant has no good-faith basis to assert s that its actions were in compliance with the law, within the meaning of NYLL §§ 198, 663.

75.     Plaintiffs and similarly situated employees have incurred, are now incurring, and will continue to incur monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

76.     No previous application for relief has been made for the relief requested herein.

## AS AND FOR A THIRD CLAIM
## AS TO ALL PLAINTIFFS
### (Failure to Pay for Each Hour Worked – NYLL)

77.     Plaintiffs repeat and re-allege the allegations made hereinbefore.

78.     12 NYCRR § 142-2.1(b) provides that "time spent traveling to the extent

14

that such traveling is part of the duties of the employee" is compensable time.

79. Additionally, NYLL § 191 requires the payment of wages at an employee's agreed rate of pay for all hours worked within a specified time period.

80. Defendant failed to pay the plaintiffs for the travel time worked, even where the plaintiffs worked fewer than 40 hours in a week.

81. Defendant was also required to pay other full-time combo helpers for their travel time worked at their regular rates of pay, even where the combo helpers worked fewer than 40 hours in a week, but defendant failed to do so.

82. Defendant, by the above acts, has violated 12 NYCRR § 142-2.1(b) and NYLL § 191.

83. Defendant had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYLL §§ 198, 663.

84. Plaintiffs and similarly situated employees have incurred, are now incurring, and will continue to incur monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

85. No previous application for relief has been made for the relief requested herein.

### AS AND FOR A FOURTH CLAIM
### AS TO ALL PLAINTIFFS
### (Failure to Pay Wages When Due – NYLL)

86. Plaintiffs repeat and re-allege the allegations made hereinbefore.

87. Plaintiffs were "Clerical and other worker[s]" as defined in NYLL § 190(7).

88. Pursuant to NYLL § 191(d), defendant was obligated to pay plaintiffs their

wages for travel time earned in accordance with the agreed upon terms of employment no less frequently than semi-monthly.

89.     By failing to pay upon the earned wages, Defendant has violated NYLL § 191.

90.     Defendant had no good-faith basis to believe that its actions were in compliance with the law, within the meaning of NYLL §§ 198, 663.

91.     Plaintiffs and similarly situated employees have incurred, are now incurring and will continue to incur monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

92.     No previous application for relief has been made for the relief requested herein.

## DEMAND FOR A TRIAL BY JURY

93.     Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully request that this Court enter a judgment:

(a)     declaring that the acts and practices complained of herein are in violation of the FLSA and NYLL;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and NYLL §§ 198, 663;

(c)     permanently enjoining and restraining the violations alleged herein, pursuant to 29 U.S.C. § 217 and the NYLL;

(d)      directing defendant to make plaintiffs and all similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA and NYLL;

(e)      directing defendant to pay plaintiffs and all similarly situated employees for all worked but unpaid travel time;

(f)      directing defendant to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(g)      directing defendants to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in NYLL §§ 198, 663.

(h)      awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYLL §§ 198, 663; and

(i)      granting such other and further relief to plaintiffs as this Court deems appropriate.


Dated:   February 13, 2018
         New York, New York

                              CARY KANE LLP

                              By: _____s/ Anthony P. Consiglio_____
                                     Anthony P. Consiglio
                                     Tara Jensen
                                     Walter Kane
                              1350 Broadway, Suite 1400
                              New York, NY 10019
                              (212) 868-6300
                              *Attorneys for Plaintiffs*

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                               Plaintiffs,

        -against-

UNITED PARCEL SERVICE, INC.,

                             Defendant.
------------------------------------------------------------------X

**CONSENT TO BECOME
PARTY PLAINTIFF**

       By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act.  I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims.  I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer.  I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.


_____
Signature

_____
Date   2/3/18


   Elizabeth Castro
Full Name (printed)

Redacted

Street Address and Apartment Number

Redacted

City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                Plaintiffs,          **CONSENT TO BECOME**
                                            **PARTY PLAINTIFF**

      -against-

UNITED PARCEL SERVICE, INC.,

                Defendant.
-------------------------------------------------------------------X

      By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.


_Aquean Jane_
Signature

_11 - 15 - 17_
Date

_AQUANZA Joones_
Full Name (printed)

**Redacted**
Street Address and Apartment Number

**Redacted**
City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                              Plaintiffs,           **CONSENT TO BECOME**
                                                **PARTY PLAINTIFF**

       -against-

UNITED PARCEL SERVICE, INC.,

                          Defendant.
-------------------------------------------------------------X

By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.


_Kaslyn Belgrave_                  _1-24-18_
Signature                                Date

_Kaslyn Belgrave_
Full Name (printed)

<span style="color:red">Redacted</span>
Street Address and Apartment Number

<span style="color:red">Redacted</span>
City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                                Plaintiffs,              **CONSENT TO BECOME**
                                                     **PARTY PLAINTIFF**

      -against-

UNITED PARCEL SERVICE, INC.,

                                Defendant.
-------------------------------------------------------------------X

       By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.


_____       _____2/3/18_____
Signature                                 Date


_Francis Cooper_____
Full Name (printed)

**Redacted**

Street Address and Apartment Number

**Redacted**

City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                              Plaintiffs,          **CONSENT TO BECOME
                                                   PARTY PLAINTIFF**

              -against-

UNITED PARCEL SERVICE, INC.,

                              Defendant.
-----------------------------------------------------------------X

        By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in
order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane
LLP and its attorneys to be my legal representative before the Court, and authorize them to
prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my
behalf concerning the litigation, including all decisions concerning whether to accept any
settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it
is favorable or unfavorable.


_Rawle Cummings_                           _1-24-18_
Signature                                  Date


RAWLE CUMMINGS
Full Name (printed)

# Redacted
Street Address and Apartment Number

# Redacted
City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                        Plaintiffs,

        -against-

UNITED PARCEL SERVICE, INC.,

                     Defendant.
-----------------------------------------------------------------X

**CONSENT TO BECOME
PARTY PLAINTIFF**

      By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.


     _S DiB_____           _02-03-2018_____
Signature                            Date


    _SCOTT DiBONA____
Full Name (printed)

<span style="color:red">**Redacted**</span>
Street Address and Apartment Number

<span style="color:red">**Redacted**</span>
City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                         Plaintiffs,               **CONSENT TO BECOME**
                                           **PARTY PLAINTIFF**

       -against-

UNITED PARCEL SERVICE, INC.,

                         Defendant.
----------------------------------------------------------------X

       By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.


_____          1-24-18
Signature                               Date


David  Gotay
Full Name (printed)

**Redacted**
Street Address and Apartment Number

**Redacted**
City, State, and Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ELIZABETH CASTRO et al.,
on behalf of themselves and other employees
similarly situated,

                          Plaintiffs,              **CONSENT TO BECOME
                                                    PARTY PLAINTIFF**

         -against-

UNITED PARCEL SERVICE, INC.,

                          Defendant.
------------------------------------------------------------------X

      By my signature below, I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act. I have selected Cary Kane LLP and its attorneys to be my legal representative before the Court, and authorize them to prosecute my claims. I designate the named plaintiffs, collectively, to make all decisions on my behalf concerning the litigation, including all decisions concerning whether to accept any settlement offer. I agree to be bound by any adjudication of this action by this Court, whether it is favorable or unfavorable.

_Jessica Grandy_
Signature

_1.24.18_
Date

_Jessica Grandy_
Full Name (printed)

Redacted
Street Address and Apartment Number

Redacted
City, State, and Zip Code